UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **FRANCISCO GUADALUPE MATAMOROS PEREZ,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **NO. SA-26-CV-5758-OLG** |
| **WARDEN, SOUTH TEXAS ICE PROCESSING CENTER, *et al.*,** | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is Petitioner Francisco Guadalupe Matamoros Perez's Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Upon review, the Court finds that this habeas proceeding must be dismissed for the reasons below.

Petitioner initiated this action on September 9, 2026, challenging the constitutionality of his being detained without a bond hearing.[1] *See* Dkt. No. 1 at 10–12. On September 16, 2026, Respondents advised that the Court previously ordered that Petitioner be provided with a bond hearing, which he received on August 24, 2026. *See* Dkt. Nos. 4 at 1; 4-1 at 3. After the hearing,

[1]Petitioner also seeks habeas relief based on the Fourth Amendment. *See* Dkt. No. 1 at 9–10. This claim is unavailing. *See Antonio v. Bondi*, No. 26-CV-610, 2026 WL 1213820, at *2 (W.D. Tex. May 4, 2026) (explaining that the Fourth Amendment "has no bearing on the legality of detention . . . during removal proceedings"). Furthermore, to the extent Petitioner contends his detention has become unconstitutionally prolonged under *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Court cannot agree. *See* Dkt. No. 1 at 11. That case, which involved a post-final order detention under § 1231, "has no direct application" to cases, like this one, involving noncitizens "who are detained and being given due process during removal proceedings." *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026) (citing *Zadvydas*, 533 U.S. at 678). Because Petitioner has not yet been ordered removed, his detention continues to be authorized by § 1225, not § 1231, and the Supreme Court has rejected the use of *Zadvydas*'s reasoning "to graft a time limit" onto detentions under §§ 1225 and 1226. *Jennings v. Rodriguez*, 583 U.S. 281, 298, 304 (2018); *see, e.g.*, *Rimtobaye v. Castro*, No. 23-CV-1529, 2024 WL 5375786, at *3 (W.D. Tex. Oct. 29, 2024) (finding that detention of "more than two-and-a-half years" had not become unduly prolonged because removal proceedings were ongoing and, thus, detention had a definite termination point), *R. & R. adopted*, 2025 WL 377722 (W.D. Tex. Jan. 31, 2025).

bond was denied based on the immigration judge's (IJ) finding that Petitioner poses a flight risk. *See* Dkt. No. 4-1 at 3.

Petitioner wrongly asserts that he has been denied due process because he has received "no individualized determination that [he] poses a flight risk or danger to the community." Dkt. No. 1 at 12. That is not true, as Petitioner readily acknowledges in his reply. *See* Dkt. No. 5. Petitioner received a bond hearing during which the IJ determined that he poses a flight risk. *See* Dkt. No. 4-1 at 3. That is not the only basis for Petitioner's due process claim, however. Petitioner also asserts that the government should have borne the burden of proof at his bond hearing to avoid violating his right to due process. *See* Dkt. No. 1 at 11. He is mistaken. As the Court has repeatedly held, "requiring Petitioner to bear the burden of proof at his bond hearing does not offend his right to due process." *See Rahimi v. Thompson*, No. 25-CV-1338, Dkt. No. 23 at 5–6 (W.D. Tex. Apr. 7, 2026).[2]

Based on the foregoing, Petitioner Francisco Guadalupe Matamoros Perez's Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1) is **DISMISSED**.

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** on September 24, 2026.

ORLANDO L. GARCIA
United States District Judge

[2]In his reply, Petitioner disclaims any challenge to the IJ's determination that he poses a flight risk. *See* Dkt. No. 5 at 6. The decision to forego that challenge was appropriate. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision . . . regarding the detention of any alien or the revocation or denial of bond or parole."); *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737–38 (S.D. Tex. 2025); *see also Leon-Gonzalez v. Anda-Ybarra*, No. 26-CV-26, Dkt. No. 12 at *3 (W.D. Tex. Feb. 10, 2026); *Shcherbinin v. Rice*, No. 25-CV-1496, 2025 WL 3687739, at *2 (W.D. La. Dec. 9, 2025) (collecting cases), *R. & R. adopted*, 2025 WL 3698403 (W.D. La. Dec. 19, 2025).